# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**RONALD DAVID JONES,**

      **Plaintiff,**

**vs.**                                            **Case No. 4:18cv80-MW/CAS**

**GADSDEN COUNTY SCHOOLS,**
**and GADSDEN HIGH SCHOOL,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and in forma pauperis, has filed an amended civil rights complaint, ECF No. 5, under 42 U.S.C. § 1983. This version of Plaintiff's complaint has been reviewed to determine if it is sufficient to state a claim. The amended complaint has also been reviewed along with an amended complaint Plaintiff filed in another case simultaneously with this case. *See*, e.g., case # 4:18cv79-RH/CAS, ECF No. 7. The amended complaints are virtually the same. Accordingly, the recommendation made in this case is the same as has been made in Plaintiff's other case.

The vast majority of Plaintiff's allegations concern events which occurred between 2007 - 2008.  ECF No. 5 at 2-8.  Plaintiff also included two paragraphs concerning events which transpired in November of 2013.  *Id.* at 8.

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) and Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)).  In Florida, a § 1983 action must be commenced "within four years of the allegedly unconstitutional or otherwise illegal act."  Burton, 178 F.3d at 1188 (citing Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir. 1988)).  All of Plaintiff's claims which occurred from 2007 through 2013 are time barred and cannot proceed in this case.

The only claims which would not be time barred occurred in the fall of 2017.  ECF No. 5 at 9.  Plaintiff alleged that he acquired a substitute teacher's certificate and "was initially hired by Gadsden County Schools . . . in September 2017."  *Id.*  Although contradictory, Plaintiff also said that from "September 2017 to this present day, Plaintiff has applied for several

jobs at Gadsden High School and never even received an interview after several requests." *Id.* Presumably, Plaintiff meant that he was hired as a substitute teacher, but has not been hired into a permanent teaching position, because he alleged that he "substitute teach [sic] at this school almost every day." *Id.* That is not clear, however, because Plaintiff alternately alleges that his employment has been blocked and that he was "offered a 4th teaching position at James A. Shanks Middle School" in September 2017. *Id.* He contends simultaneously that he has never had an interview, and that he was interviewed and "told to start once" he obtained his "Official Statement of Status Eligibility." *Id.*

Notwithstanding the contradictory nature of his allegations, Plaintiff's claim is that he is qualified, there is a shortage of teachers, but Gadsden County Schools, the City of Quincy and others are systematically blocking him "from being hired in retaliation for exposing their inappropriate sexual behavior of Gadsden County School Board and Administration." *Id.* at 9, 10. He asserts claims under the Whistle Blower Act, the First Amendment, the Fourteenth Amendment, "misuse of public position," and contends that he has "established a Retaliation Claim." *Id.* at 10-11.

Title VII and § 1983 prohibits "employers from discriminating against an employee based on [his] opposition to an unlawful employment practice."  42 U.S.C. § 2000e-3(a); 42 U.S.C. § 1983; <u>Williams v. Fla. Atl. Univ.</u>, No. 17-12546, 2018 WL 1566526, at *3 (11th Cir. Mar. 30, 2018). To state a prima facie claim for retaliation under § 1983 by an employer, Plaintiff must show that (1) he "engaged in statutorily protected activity;" (2) he "suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action." <u>Chapter 7 Trustee v. Gate Gourmet, Inc.</u>, 683 F.3d 1249, 1258 (11th Cir. 2012) (quoted in <u>Williams</u>, 2018 WL 1566526, at *3); *see also* <u>Burlington N. & Santa Fe Ry. Co. v. White</u>, 548 U.S. 53, 126 S.Ct. 2405, 2410-16, 165 L.Ed.2d 345 (2006) (quoted in <u>Goldsmith v. Bagby Elevator Co.</u>, 513 F.3d 1261, 1277 (11th Cir. 2008)).  Here, Plaintiff's amended complaint does not demonstrate that Plaintiff engaged in any protected activities or complained about an unlawful employment practice.  Plaintiff's amended complaint does not include any facts which suggest, even if Plaintiff *had* engaged in statutorily protected activities, that any decision maker was aware of that conduct.  Moreover, Plaintiff does not allege any connection between his

conduct and that of the employer.  Plaintiff's allegations are conclusory

only, and insufficient to support a claim for retaliation.

A liberal reading of Plaintiff's amended complaint also reveals that he

has asserted a claim for religious discrimination.  ECF No. 7 at 11.

However, there are no facts presented which support such a claim.

Plaintiff contends that the Quincy State Bank (who is not a named

Defendant in this case) does not "know that they are being robbed blind."

*Id.* at 9.  Plaintiff contends that it "just has to be more than just Plaintiff

Preaching at Holy Ghost Temple!"  *Id.*  That sentence does not provide a

basis for a First Amendment claim against the named Defendants.

Plaintiff also has provided no facts which support any of his other

claims.  The allegations are disjointed, conclusory, and contradictory; they

do not reveal unconstitutional or unlawful conduct by the Defendants.  It is

unnecessary to extend additional time for Plaintiff to submit another

amended complaint.  This case should be summarily dismissed.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint,

ECF No. 5, be **DISMISSED** for failure to state a claim upon which relief

may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on June 27, 2018.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**